| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MORGAN _____ COURT |
| | ) SS: | |
| COUNTY OF MORGAN | ) | CAUSE NO. 55D02-2002-CT-000348 |

MARK TORLINE

    vs

SPEEDWAY, LLC

## COMPLAINT FOR DAMAGES

    Comes now the plaintiff, Mark Torline, by counsel, Fred Schultz, and for a cause of action against the defendant, Speedway, LLC, alleges and says:

    1.    That on December 20, 2019, the plaintiff, Mark Torline, was a customer at the Speedway Store #5460 located in Mooresville, Indiana County, Indiana.

    2.    That on December 20, 2019, the plaintiff, while exercising due care and caution for his own safety, was walking in the parking lot near the gas pumps of said store and did sustain a fall accident when he slipped and fell on ice.

    3.    That is was the duty of the defendant to use ordinary care and diligence to keep and maintain the parking lot in a condition reasonably safe for its intended uses and free from all defects and conditions which would render the parking lot dangerous and unsafe for plaintiff, or present an unreasonable risk of harm to plaintiff in his lawful use of same.

    4.    That it was the duty of the defendant to exercise reasonable care to protect plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable use of said parking lot.

    5.    That it was the duty of the defendant to have available sufficient personnel and equipment to properly inspect and maintain the aforesaid entrance in a condition reasonably safe for plaintiff and free from defects and conditions rendering the parking lot unsafe.

    6.    That it was the duty of the defendant to warn plaintiff of the dangerous and unsafe condition existing on said parking lot.

    7.    That the defendant knew or should have known of the unreasonable risk of danger to the plaintiff, but failed either to discover it or to correct it after discovery.

    8.    That the fall and resultant permanent injuries of plaintiff were caused by the negligence of the defendant who failed to utilize reasonable care in the inspection and maintenance of said entrance, particularly in allowing the parking lot to become slick.

      9.      That the aforesaid acts of negligence on the part of the defendant were the proximate cause of the injuries sustained by the plaintiff.

      10.      That the plaintiff has incurred medical expenses and other special expenses, and will incur future medical expenses and other special expenses, as a direct and proximate result of the defendant's negligence.

      WHEREFORE, the plaintiff demands judgment against the defendant for permanent injuries in a reasonable amount to be determined at the trial of this cause, for medical expenses, and other special expenses, for future medical expenses, and other special expenses, court costs and all other proper relief in the premises.

                                           GREENE & SCHULTZ

By: _____
                                          Fred Schultz, 19554-53
                                          Attorney for Plaintiff

GREENE & SCHULTZ
520 N. WALNUT STREET
BLOOMINGTON, IN 47404
TELEPHONE: (812) 336-4357
FACSIMILE:: (812) 336-5615